

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 30, 1992

Mr. Burton F. Raiford
Interim Commissioner
Texas Department of Human Services
P. O. Box 149030
Austin, Texas 78714-9030

Opinion No. DM-81

Re: Validity of a rider to the General Appropriations Act that requires certain employees of state agencies to submit financial statements for review and approval by the board or commission to which the employees are responsible (RQ-198)

Dear Commissioner Raiford:

You have requested our opinion regarding article V, section 79, of the current General Appropriations Act. Acts 1991, 72d Leg., 1st C.S., ch. 19, art. V, § 79, at 1036. That rider provides:

> Sec. 79. FINANCIAL DISCLOSURE STATEMENTS. None of the funds appropriated to departments and agencies covered in Articles I through IV shall be contractually obligated unless those employees who are responsible for entering into such contracts and for approving such expenditures have completed financial disclosure statements and these financial statements have been reviewed and approved by the board or commission to which each employee is responsible. All financial statements shall be on file in the administrative offices of the respective department or agency, shall be submitted to the responsible board or commission for approval annually, and shall be open to public inspection.

In Attorney General Opinion JM-343 (1985), this office said that an identical rider in the 1985 General Appropriations Act, in order to be constitutionally valid, should not be construed as broader than article 6252-9b, V.T.C.S., a statute that required certain state officials and employees to file financial statements with the

secretary of state.[1]  (Article 6252-9b, V.T.C.S., now requires financial statements to be filed with the Texas Ethics Commission.)  Attorney General Opinion JM-343 declared the following:

> The guidelines to be followed in determining which employees must file financial statements and the content of those statements, therefore, are the guidelines provided by article 6252-9b.  The persons who must file statements under section 86 are those listed in article 6252-9b who are also responsible for entering into agency or department contracts and for approving expenditures thereunder.  To comply with both article 6252-9b and the rider in the Appropriations Act, such persons who are in departments or agencies covered by articles I-IV of the Appropriations Act should file a financial statement with the secretary of state and annually submit a financial statement to the board, commission, or appropriate administrator who will review and approve the statement under the provisions of the new rider.  This filing requirement is not unconstitutionally inconsistent with article 6252-9b.  See V.T.C.S. art. 6252-9b, § 9(a); Attorney General Opinion M-1199 (1972).  A copy of the financial statement should remain on file in the department's or agency's administrative office and be open to public inspection.

In our opinion, Attorney General Opinion JM-343 is a generally correct statement of the law.  We disagree, however, with its statement that the additional "filing requirement is not unconstitutionally inconsistent with article 6252-9b."  Article 6252-9b requires only the filing of a financial disclosure statement with the Texas Ethics Commission.  An appropriation bill may "detail, limit, or restrict the use of funds therein appropriated or otherwise insure that the appropriated money will be spent for the purpose intended."  Attorney General Opinion M-1199 (1972)

---

[1]Attorney General Opinion JM-343 failed to note an anomaly in the rider: there is little likelihood that a statute would deem mere employees to be "responsible for entering into ... contracts and for approving ... expenditures."  Approval of contracts and expenditures, as opposed to contract *negotiation*, is ordinarily a responsibility of the governing body of the agency, *i.e.*, the board or commission itself.  *See* Attorney General Opinion JM-817 (1987); Letter Advisory No. 148 (1977).  Members of a board or commission are indeed covered by article 6252-9b.  Under this construction, the rider is not so much invalid as it is superfluous.

at 1; *see Moore v. Sheppard*, 192 S.W.2d 559 (1946); Attorney General Opinions MW-51 (1979); V-1253 (1951). A rider to an appropriations bill may not, however, "repeal, modify or amend an existing general law." Attorney General Opinion M-1199. To the extent that the rider under consideration imposes an additional filing requirement on those persons covered by article 6252-9b, we believe it attempts to modify a general law, and is, therefore, invalid.

We note that shortly after the issuance of Attorney General Opinion JM-343, the electorate adopted article XVI, section 69, of the Texas Constitution, commonly known as the "budget execution amendment." That amendment reads, in its entirety:

> The legislature may require, by rider in the General Appropriations Act or by separate statute, the prior approval of the expenditure or the emergency transfer of any funds appropriated to the agencies of state government.

In our opinion, the rider about which you inquire does not fall within the exception of article XVI, section 69. The rider requires a board's approval of an employee's *financial statement*, not the approval of any expenditure. Furthermore, the language of article XVI, section 69, of the Texas Constitution seems to require approval by some person or entity outside the particular agency that is .the subject of the appropriation. It would seem to serve no purpose to require an agency's governing body to approve its own decisions about expenditures.

## SUMMARY

> Article V, section 79, of the current General Appropriations Act, which requires certain employees of state agencies to submit financial statements for review and approval by the board or commission to which the employees are responsible, is constitutionally invalid to the extent that it expands or is inconsistent with article 6252-9b, V.T.C.S. It is valid to the extent that it merely restates that statute. Guidelines applicable to the rider are those provided by the statute. The rider's

requirement that the affected employee file with his *board* is constitutionally invalid.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General